IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **BRADFORD THOMPSON,** <br><br> Plaintiff, <br> v. <br><br> **TOTAL PETROCHEMICALS & REFINING USA, INC.,** <br><br> Defendant. | CA No. _____ <br><br> JURY DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT

1. PRELIMINARY STATEMENT

1.1. Plaintiff demands a jury for any and all issues triable to a jury. This action seeks declaratory, injunctive, and equitable relief; compensatory, liquidated and actual damages; and costs and attorney's fees for the adverse actions suffered by Plaintiff, BRADFORD THOMPSON (hereinafter "Plaintiff"), due to TOTAL PETROCHEMICALS & REFINING USA, INC. (hereinafter "Defendant" or "Total Petrochemicals") taking such adverse employment actions against him in violation of the Family Medical Leave Act (FMLA).

2. JURISDICTION

2.1 Jurisdiction is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4) and the Family Medical Leave Act, 29 U.S.C. §2601 et. seq.

2.2 Jurisdiction is appropriate under the Family Medical Leave Act, Declaratory and injunctive relief is sought pursuant to 28 U.S.C. § 2201 and 2202 and the Family Medical Leave Act.

2.3 Actual damages are sought pursuant to the Family Medical Leave Act.

1

2.4	Liquidated and injunctive relief is sought pursuant to the Family Medical Leave Act.

2.5	Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205, Rule 54, FRCP and the Family Medical Leave Act.

2.6	Compensatory damages may be awarded pursuant to the Family Medical Leave Act.

2.7	Punitive damages may be awarded pursuant to the Family Medical Leave Act.

## 3. VENUE

3.1.	Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Plaintiff, at all times while an employee of Defendant resided in this judicial district.

## 4. PARTIES

4.1.	Plaintiff is an employee of Defendant and resides in Harris County, Seabrook, Texas.

4.2.	Defendant Total Petrochemicals is an employer qualified to do business in Texas and employs more than 300 regular employees. Defendant can be served by, serving its registered agent CT CORP SYSTEM. 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## 5. FACTS

5.1	Plaintiff has been employed by Defendant for over nineteen (19) years.  He is presently still employed by Defendant and works as an I/E Technician.

5.2	In or about 2014, Plaintiff medically required FMLA leave due to serious health conditions that required hospitalization, surgery and/or recovery necessitating time off from work.

5.3	Plaintiff notified Defendant of his need for FMLA leave and such requests were granted.

5.4   In 2014, Plaintiff took FMLA leave as a result of a burst appendix where he was rushed to the hospital and hospitalized for five (5) days.  Plaintiff's second FMLA leave, in December 2014, was as a result of cataract surgery.  Plaintiff never exceeded the amount of time allotted for FMLA leave during the relevant time period.

5.5   Plaintiff suffered complications from his cataract surgery and he notified Defendant's human resources and his supervisor, Scott Bauschke, that he would be seeing a surgeon on January 8, 2015 and would need FMLA leave.  Plaintiff's pre-op was February 24, 2015 and his surgery was March 4, 2015.  Following the surgery, Plaintiff required FMLA leave until March 20, 2015.

5.6   After his second cataract surgery, Plaintiff's first scheduled workday was on or about March 24, 2015.  On that day, Mr. Bauschke hand delivered Plaintiff a document criticizing his work performance and requesting him to complete a specific task within five (5) working days or disciplinary action would be taken against him.

5.7   On or about March 26, 2015, Plaintiff received a Performance Assessment covering the 2014 period.  Mr. Bauschke had a meeting with Plaintiff where he showed him his assessment but Plaintiff was only able to look at the first page.  Plaintiff requested a copy several times but was told that he could see the assessment at another meeting that would take place on April 1, 2015.

5.8   Plaintiff was rated as "Meeting Job Demands" only marginally after he returned from FMLA leave and was criticized negatively for not providing enough advance notice of his FMLA leave, attendance and overtime availability. During the March 26, 2015 meeting, Plaintiff protested the rating he received for absences and overtime availability.

5.9     During the April 1, 2015 meeting, Plaintiff strongly protested being penalized for taking FMLA leave and stated that he felt retaliated against for taking FMLA leave. He was given a negative assessment and denied a Progression/Annual Increase. This denial resulted in a loss of compensation in that he did not receive a raise.

5.10    At the April 1st meeting, Lisa Jewell, a Human Resources official, promised Plaintiff another meeting in two weeks. Plaintiff has not been included in any meeting or received any further communications to date.

5.11    During his over nineteen (19) year tenure with Defendant, Plaintiff never received a negative assessment prior to the 2014 Performance Assessment.

5.12    In the past four and a half years of Plaintiff's employment with Defendant, he had the best attendance in his group. In fact, outside of approved FMLA leave, Plaintiff had perfect attendance in 2014.

5.13    The supervisors, manager, and superintendent who signed the 2014 Performance Assessment were all aware of Plaintiff's FMLA leave.

5.14    Defendant unlawfully retaliated against Plaintiff in violation of the FMLA for exercising his FMLA rights by subjecting him to negative treatment following his return from FMLA leave and ultimately rendering negative employment action affecting his job duties, compensation, and benefits.

## 6. CAUSES OF ACTION

6.1.    <u>Family Medical Leave Act Retaliation</u> - Based on the above facts, Defendant violated the Family Medical Leave Act and retaliated against Plaintiff for engaging in a protected activity in taking FMLA leave.

## 7.  DAMAGES

7.1   As a direct and proximate cause of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including but not limited to:

    7.1.1   Loss of wages and benefits, including front pay and back pay,

    7.1.2   Humiliation and embarrassment among coworkers and others,

    7.1.3   Mental anguish and emotional distress,

    7.1.4   Sustained damage to Plaintiff's credibility, and

    7.1.5   Sustained damage to Plaintiff's prospects for future employment.

## 8.  ATTORNEYS FEES

8.1   Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG & SPROVACH, 3518 Travis Street, Suite 200, Houston, TX 77002 in initiating this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## 9.  PRAYER

9.1.   WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

    9.1.1.   Declare Defendant's conduct in violation of Plaintiff's rights;

    9.1.2.   Enjoin the Defendant from engaging in such conduct;

    9.1.3.   Award Plaintiff actual damages;

    9.1.4.   Order Defendant to pay Plaintiff back pay and front pay and benefits;

    9.1.5.   Award Plaintiff compensatory damages for mental anguish;

    9.1.6.   Award Plaintiff punitive damages to be determined by the trier of fact;

    9.1.7.   Award Plaintiff liquidated damages.

9.1.8. Grant Plaintiff pre-judgment and post-judgment interest;

9.1.9. Order Defendant to pay Plaintiff's costs and attorney's fees in this action; and,

9.1.10. Order and grant such other relief as is proper and just.

                                         Respectfully Submitted,

                                         */s/ Gregg M.Rosenberg*_____
                                         Gregg M. Rosenberg
                                         USDC SD/TX No. 22202
                                         Texas State Bar ID 24000672
                                         ROSENBERG & SPROVACH
                                         3518 Travis Street, Suite 200
                                         Houston, Texas 77027
                                         (713) 960-8300
                                         (713) 621-6670 (Facsimile)
                                         Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG & SPROVACH                      ATTORNEYS FOR PLAINTIFF